**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Rickel Marquavius Jefferies, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-13858-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Cedric D. Cheatham, Greenville County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rickel Marquavius Jefferies ("Plaintiff"), a pretrial detainee, is proceeding *pro se* and *in forma pauperis*, and he brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge. The magistrate judge gave Plaintiff an opportunity to bring the case into proper form, (ECF Nos. 8, 10), and Plaintiff filed an amended complaint, (ECF No. 13). Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending the court dismiss this action without further leave to amend and without issuance and service of process. (ECF No. 17). Plaintiff filed objections to the Report, which included a section titled "Amended Complaint." (ECF No. 19). He also filed a motion to amend his complaint, (ECF No. 21), a motion for extension of time, *id*, motions brought pursuant to 42 U.S.C. § 14141 and 28 U.S.C. § 1446, *id*. at 3, and a document he contends provides evidence of illegal search and seizure and fabricated evidence, (ECF No. 22).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection' " and " 'an objection stating only "I object" preserves no issue for review' " (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that " 'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## A. Defendant Greenville County

The magistrate judge recommended dismissing Plaintiff's claims against Defendant Greenville County "[b]ecause Plaintiff makes no substantive allegations against Greenville County." (ECF No. 17 at 7–8). Plaintiff's objections and requests to amend his complaint do not address this deficiency or make any allegations related to Greenville County. (ECF Nos. 19, 21, 22). The court finds the magistrate judge properly recommended dismissing Defendant Greenville County. As such, Plaintiff's claims against Defendant Greenville County are dismissed with prejudice.

## B. Injunctive Relief

3

The magistrate judge also recommended finding Plaintiff's claims are barred by the *Younger* abstention doctrine[1] because "a ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings[,]" and "Plaintiff has failed to allege facts showing that any exception to the *Younger* doctrine should apply in this case." (ECF No. 17 at 8–10).

Liberally construing Plaintiff's filings after the Report, Plaintiff does not appear to argue that the criteria for *Younger* abstention are not met. (ECF Nos. 19, 21 at 2). Instead, he appears to allege the exception for bad faith applies. (ECF No. 21 at 2). "To prevail under the bad faith exception, the [plaintiff] must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Wood v. Olejasz*, No. 1:21-cv-103, 2021 WL 4450270, at *3 (N.D.W. Va. Aug. 10, 2021) (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)). "It is Plaintiff's 'heavy burden to overcome the bar' of the *Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment.'" *Salartash*, No. 3:25-cv-4 (RCY), 2025 WL 711960, at *7 (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)). *See Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (recognizing "'there is no case since *Younger* was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable'") (quoting 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4255 (3d ed. 2023)).

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971). *See Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994) ("In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings.")

The court has reviewed the filings in this case and concludes Plaintiff has failed to meet his burden of showing an exception to *Younger* applies. As such, the court finds *Younger* is applicable in this case, and the court will not grant any injunctive relief, including any request to have his state charges dismissed, pursuant to *Younger*. However, because the court grants Plaintiff's motion to amend, *see infra*, and Plaintiff also seeks monetary damages, the court will determine whether to dismiss certain claims subject to *Younger* abstention at a later date. *See Pilgrim v. Delaney*, No. 7:20-CV-02325-DCC, 2021 WL 274301, at *1 (D.S.C. Jan. 27, 2021) (noting that when *Younger* applies, "federal courts typically stay rather than dismiss claims for money damages during the pendency of state court proceedings, [but] dismissal is appropriate when a plaintiff's damages are 'plainly barred' for other reasons."(citing *Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006))).

## C. <u>Speedy Trial</u>

The magistrate judge liberally construed a Sixth Amendment claim that Plaintiff's right to a speedy trial has been denied, but the magistrate judge recommended dismissal of any such claim because Plaintiff does not allege a violation of any federal statute, and because "Plaintiff may vindicate his Sixth Amendment right to a speedy trial in the ongoing state proceeding." (ECF No. 17 at 14–15); *see Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (finding the district court should abstain from addressing a speedy trial claim). Furthermore, "the Sixth Amendment provides that *criminal* defendants have the right to a speedy and public trial. Hence, the Sixth Amendment provides no basis for relief in [a] *civil* case filed pursuant to 42 U.S.C. § 1983." *Robinson v. SC Dep't of Pub. Safety*, No. 8:05-CV-3198-SB-JDA, 2011 WL 1225727, at *1 (D.S.C. Feb. 28, 2011), *R&R adopted by* 2011 WL 1287937 (D.S.C. Mar. 31, 2011). In his objections, Plaintiff mentions that he has not been given a speedy trial, but he does not object to the magistrate judge's

5

determination. Based on the foregoing, and finding no clear error, the court agrees with the magistrate judge, and any Sixth Amendment claim for a speedy trial is dismissed with prejudice.[2]

### D. Fourth Amendment, Excessive Force, Malicious Prosecution and Motion to Amend.

The magistrate judge recommended summarily dismissing Plaintiff's Fourth Amendment claims (unreasonable search and seizure, false arrest or false imprisonment, malicious prosecution) and his excessive force claim for failure to state a claim. (ECF No. 17 at 11–18). Although the proposed amended complaint and accompanying documents are not on the proper form, Plaintiff provides additional facts in support of his claims for excessive force and his Fourth Amendment claims. (ECF Nos. 19, 21, 22). Specifically, the court notes that although the magistrate judge noted "Plaintiff does not appear to challenge the probable cause determination in the arrest warrants[,]" (ECF No. 17 at 12 n. 4), Plaintiff argues that Defendant Cheatham "lied under oath saying on the warrant [he] conducted a lawful search[,]" (ECF No. 19). Allegations of an unreasonable search and seizure before the issuance of the arrest warrant may impact the Fourth Amendment analysis as to Plaintiff's claim for monetary damages. As to Plaintiff's claim for excessive force, Plaintiff's recent filings allege Defendant Cheatham forced Plaintiff's "hands in handcuffs by forcing [his] hands behind his back to the point w[h]ere it is in jeopardy to break." *Id*. at 2. Plaintiff also appears to raise a claim under the Fourteenth Amendment for fabrication of evidence and a claim for denial of a right to a fair trial, and he reasserts his due process claim,

---

[2] To the extent this determination is based on *Younger* abstention, dismissal is proper because "monetary damages are not available [for this claim], as the typical remedy for a Sixth Amendment speedy trial violation is dismissal of the charge. *See Starks v. Moore*, 51 F. Supp. 3d 782, 797 (S.D. Ind. 2014), *on reconsideration in part*, No. 1:12-CV-1008-WTL-DML, 2015 WL 1825905 (S.D. Ind. Apr. 22, 2015) (citing *Barker v. Wingo,* 407 U.S. 514, 522 (1972) ("The amorphous quality of the right [to a speedy trial] also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived ... *Such a remedy ... is the only possible remedy.*") (emphasis added)).

which does not appear to have been discussed in the Report. (ECF Nos. 19, 21, 22). Based on the foregoing, at this early stage in the case, the court grants the motion to amend the complaint as to Plaintiff's claims for *monetary damages*. *See* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend] when justice so requires."); *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) ("This directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing them on technicalities." (internal quotations omitted)).

In the second amended complaint, Plaintiff's allegations are limited to the claims he has set forth in his complaint, (ECF No. 1), his amended complaint, (ECF No. 13), and his recent filings, (ECF Nos. 19, 21, 22). Plaintiff may include additional facts to support any such claims as he sees fit. Within such limits, Plaintiff shall include all of the claims and allegations he wishes to have considered by the court in his second amended complaint because this second amended complaint will replace any prior complaints. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."), abrogated in part on other grounds by *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *see also McClary v. Searles*, No. 3:15cv77FDW, 2015 WL 2259312, at *1 n. 1 (W.D.N.C. May 13, 2015) ("A plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations." *McClary v. Searles*, No. 3:15cv77FDW, 2015 WL 2259312, at *1 n. 1 (W.D.N.C. May 13, 2015)). The court has evaluated piecemeal filings up until this point in this case, but it will no longer do so. Thus, Plaintiff needs to ensure that ALL of the facts and claims he wants considered are in this second amended complaint. Plaintiff is also reminded that in this order, the court has dismissed Plaintiff's claims against Defendant Greenville

7

County, Plaintiff's claim related to a speedy trial, and the court has indicated it will not grant any request for injunctive relief related to Plaintiff's pending charges and state court proceedings.[3]

### E. Other Motions

The last page of Plaintiff's motion to amend includes the following language:

1. Motion for 42 U.S.C. Sec 14141
2. Motion for 28 U.S.C. Sec. 1446(b)(1) A Notice of Removal of a criminal prosecution, one has to write grounds why it is required. Which I have written in this complaint.

(ECF No. 21 at 3).

The provision formerly codified at 42 U.S.C. § 14141 has been recodified as 34 U.S.C. § 12601. Actions authorized by § 12601 must be brought by the United States Attorney General; individuals are not permitted to sue for a violation of this statute. 34 U.S.C. § 12601; *See Robinson v. City of Conway*, No. 4:24-5448-JD-KDW, 2025 WL 1852267, at *3 (D.S.C. Feb. 21, 2025), *Report and Recommendation adopted by* 2025 WL 1788659 (D.S.C. June 30, 2025). As such, any motion brought pursuant to this section is denied.

The provision codified at 28 U.S.C. § 1446 provides for the removal of civil actions from state court to federal court. As this case is already in federal court, removal is not available. To the extent Plaintiff meant to invoke 28 U.S.C. § 1455, which provides for the removal of criminal prosecutions from state court to federal court, such a request is untimely. Section 1455(b)(1) provides that "[a] notice of removal of a criminal prosecution  shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or

---

[3] Plaintiff's motion to amend also indicates it is a motion for extension of time. (ECF No. 21). However, Plaintiff does not mention extending any deadlines in the body of the motion. Thus, any such request is dismissed as moot.

defendants leave to file the notice at a later time." Plaintiff was arrested on May 21, 2025, and the relevant criminal proceedings have been pending in the Greenville County Court of General Sessions since May 27, 2025. *See State v. Jeffries*, Case Nos. 2025A2330204897, 2025A2330204899, Greenville County Thirteenth Judicial Circuit Public Index, available at (last visited Apr. 22, 2026). Plaintiff did not seek removal until early 2026, well after the thirty-day window in which a defendant may file a notice of removal in a criminal prosecution, and he has not shown good cause for a delayed filing. As such, Plaintiff's motion to remove his criminal prosecution is denied.

### F. Conclusion

Based on the foregoing, the court **ADOPTS** as modified in part and respectfully **DENIES** in part the Report, (ECF No. 17), as set forth herein. It is therefore **ORDRED** that Plaintiff's claims against Defendant Greenville County are **DISMISSED** with prejudice for failure to state a claim. Any claim related to a Sixth Amendment right to a speedy trial is also **DISMISSED** with prejudice. Plaintiff's request for dismissal of his state charges and any request for injunctive relief will not be granted. Plaintiff's motion to amend the complaint, (ECF Nos. 19, 21, 22), is **GRANTED**. To the extent Plaintiff has filed motions pursuant to §14141 and § 1446, (ECF No. 21 at 3), such are **DENIED.** Additionally, to the extent Plaintiff's motion at docket entry 21 requests an extension of time, such request is **DISMISSED** as moot. The Clerk of Court shall forward a copy of this order together with the proper claim forms to Plaintiff at his last known address provided to the court. Plaintiff shall file his second amended complaint on the proper form within 21 days, and that second amended complaint must be compliant with the instructions set forth herein. The magistrate judge shall conduct an initial review of the second amended complaint and issue such orders as may be appropriate pursuant to applicable law. The magistrate judge may

evaluate whether any claims made by Plaintiff seeking monetary damages may be subject to dismissal or stay pursuant to *Younger*. In the event Plaintiff fails to file the second amended complaint within the allotted time period, this action shall be dismissed for failure to prosecute and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

April 24, 2026
Anderson, South Carolina

10